Michael E. Piston
Blaine Coleman
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HARSHADBHAI PATEL and DIPTI PATEL,<br><br>          Plaintiffs,<br><br>     vs.<br><br>JANET NAPOLITANO, Secretary of Homeland Security, MICHAEL AYTES, Acting Deputy Director, United States Citizenship and Immigration Services, F. GERARD HEINAUER, Director of the United States Citizenship and Immigration Services' Nebraska Service Center and VINCENT CLAUSEN, Detroit Field Office Director for the Immigration and Customs Enforcement Agency<br><br>          Defendants | MOTION FOR TEMPORARY RESTRAINING ORDER STAYING THE OF REMOVAL OF HARSHADBHAI PATEL<br><br>Case No. 2:09-cv-13018 |

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## MOTION FOR TEMPORARY RESTRAINING ORDER STAYING THE REMOVAL OF HARSHADBHAI PATEL

Harshadbhai Patel, through his attorneys, moves this Court pursuant to FRCP 65(b) and 28 U.S.C. § 1651, the "All Writs Act"[1], to issue an immediate order restraining the Department of Homeland Security from removing him during the pendency of this action. This is an action in the nature of mandamus to direct the USCIS to adjudicate Mr. Patel and his wife's applications for adjustment of status[2], form I-485, as well as Mrs. Patel's employer's immigrant visa petition upon her behalf, form I-140. Mr. Patel's removal would be deemed an abandonment of his application. 8 C.F.R. § 245.2(a)(4)(ii)(A).  The All Writs Act must be "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir.1978)(footnote omitted). Since Mr. Patel's removal would in fact eliminate any power of this Court to bring this litigation to a conclusion on any basis except a dismissal for mootness, the issuance of a Temporary Restraining Order

---

[1] This Act provides in relevant part that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

[2] As well as his wife's prospective employer's petition for immigrant, form I-140, upon her behalf, the approval of which is a necessary precursor to the approval Mrs. Patel's application for adjustment of status and therefore Mr. Patel's.

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

prohibiting Mr. Patel's removal from the United States is fully authorized by the All Writs Act.

FRCP 65(b) provides an alternative basis for a temporary restraining order. In determining whether to issue a temporary restraining order, a district court must consider four factors, balancing each factor against the other: (1) the likelihood that the moving party will succeed on the merits of the claim; (2) the likelihood the moving party will suffer irreparable injury if injunctive relief is not granted; (3) whether granting the relief will cause substantial harm to others; and (4) whether granting the relief would serve the public interest. *Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998), *cert. denied,* 525 U.S. 1114 (1999); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994). As the Sixth Circuit has held, however, the four considerations are factors to be balanced, not prerequisites that must be met. *In re: DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). Therefore, the degree of likelihood of success required to support a grant of injunctive relief may depend on the strength of the other factors considered. *Id.*

As we will show, Mr. Patel has a strong likelihood of success on the merits and will suffer irreparable harm if he is removed. By

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

contrast the government will suffer little or no detriment as a result of a stay. Therefore an order for stay of removal should issue.

A copy of Mr. Patel's complaint and this motion has been served upon the United States Attorney's office, which is representing the defendants in this matter, and it is believed that this is sufficient notice to enable the defendants to be heard.

## BRIEF STATEMENT OF PERTINENT FACTS

Harshadbhai Patel arrived in the United States on August 6, 2001 without a visa and was initially taken into custody.[3] However, following a finding that he had a credible fear of returning to India, he was paroled into the United States on August 13, 2001.[4] He was subsequently ordered removed by an Immigration Judge as a person without a valid entry document on May 19, 2005.[5] This order was affirmed by the Board of Immigration Appeals on December 18, 2006. [6] Thereafter, on January 3, 2007, Mr. Patel filed with the United States Citizenship and Immigration Services'

---

[3] See Notice to Appear attached as Exhibit 1.
[4] See Parole document, attached as Exhibit 2.
[5] See Decision of Immigration Judge, attached as Exhibit 3.

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

(USCIS) Nebraska Service Center (NSC) an application to adjust his immigration status to permanent resident under 8 U.S.C. § 1255(i) [7] as the dependent of his wife, whose application for adjustment of status had been filed with NSC on June 29, 2005.[8] Mrs. Patel's application was based upon a petition for immigrant worker, form I-140[9], which had been filed by her prospective employer upon her behalf seeking to classify her as a skilled worker on September 29, 2004[10]. The Sixth Circuit Court of Appeals subsequently upheld Mr. Patel's removal order on April 21, 2008[12].

Meanwhile Mr. Patel's application for adjustment of status continues to remain pending unadjudicated before the USCIS, as does his wife's application and the petition filed upon her behalf by her prospective employer. Since the normal processing time for an

---

[6] See Decision of Board of Immigration Appeals attached as Exhibit 8.
[7] See Mr. Patel's Form I-485 and supporting documents and fee receipt, all attached as Exhibit 4.
[8] See Mrs. Dipti Patel's Form I-485 and supporting documents and fee receipt, all attached as Exhibit 5.
[9] See the form I-140 fee receipt, filed upon behalf of Mrs. Patel, attached as Exhibit 6.
[10] The "priority date" of this petition was April 30, 2001, the date her employer filed an application for alien employment certification upon her behalf. 8 C.F.R. § 204.5(d). A copy of that approved application is attached as Exhibit 7.
[12] See Decision of the Sixth Circuit Court of Appeals, attached as Exhibit 9.

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

I-140 for a skilled worker is 4 months, and Mrs. Patel's petition has been pending for nearly 5 years, it is well beyond normal processing times. So too are Mr. and Mrs. Patel's forms I-485, inasmuch as the NSC is currently adjudicating employment based forms I-485 it received on September 8, 2007.[13]

On July 27, 2009 Mr. Patel was arrested by DHS and is currently being held in Battle Creek, Michigan, in the custody of the Calhoun County sheriff, facing imminent removal from the United States.

ARGUMENT

*I.   MR. PATEL IS LIKELY TO SUCCEED ON THE MERITS OF HIS COMPLAINT*

---

[13] See USCIS Processing Time Information for the Nebraska Service Center Posted: July 16, 2009, attached as Exhibit 10. The currently available processing times should be available online at https://egov.uscis.gov/cris/processTimesDisplay.do.

[15] Had the NSC processed the Patels' applications and petitions within the same time frames it is currently deciding such matters, Mrs. Patel's I-140 would have been adjudicated by February, 2005, her I-485 by May, 2006, and Mr. Patel's I-485 by December, 2007.

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

The Administrative Procedure Act, 5 U.S.C. § 706(1), the Federal Question statute, 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361, all provide subject matter jurisdiction for this Court to require the defendants to conclude plaintiff's application for adjustment of status (and his wife's petition and application, upon which it relies) within a reasonable time.

> Title 28, section 1361 of the United States Code states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To establish mandamus jurisdiction, a petitioner must establish that: (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. Heckler v. Ringer, 466 U.S. 602, 616-17, 80 L. Ed. 2d 622, 104 S. Ct. 2013 (1984); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

*Nelson v. United States*, 107 Fed. Appx. 469, 471 (6th Cir. 2004).

5 U.S.C. § 555(b) requires administrative agencies to conclude all matters before them within a "reasonable time", and 5 U.S.C. § 706(1) authorizes this Court to compel agency action "unreasonably delayed".

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 7

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

The fact that neither the statute nor the regulations quantify what is a reasonable time in which to decide an application for adjustment of status simply makes it a question of fact to be determined under all of the circumstances. As this Court held in reference to the National Traffic Motor Vehicle Safety Act 'neither the statute nor the regulations provide a time frame for deciding petitions.' The petition has been pending in this case for over seventeen months. In the absence of language setting forth a time frame, the Court looks to the Administrative Procedure Act for further guidance, which, as noted earlier, authorizes a court to 'compel agency action unlawfully withheld or unreasonably delayed.' 5 U.S.C. § 706(1). The statutory language implies that an agency of government is charged with the duty of acting reasonably; therefore, the Court determines that in the absence of a specific timetable, the agency has a duty to decide the petition within a reasonable time." *Intermodal Technologies., Inc. v. Mineta*, 413 F. Supp. 2d 834, 842 (D. Mich. 2006).

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 8

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

What is a "reasonable time" is certainly a matter to be determined under all of the applicable circumstances. However, it should be self-evident that a time which is not only well beyond the agency's own normal processing periods for similar applications, but is so delayed that the application is in imminent peril of being mooted, is not "within a reasonable time" for the USCIS to conclude Mr. Patel's application for adjustment of status, nor his wife's form I-140 and I-485. *See Paunescu v. I.N.S,* 76 F.Supp.2d 896 (N.D.Ill. 1999).

In *Paunescu,* winners of the diversity visa lottery brought an action in federal court seeking a mandamus order against the Immigration and Naturalization Service requiring them to complete the plaintiffs' applications for adjustment of status to permanent resident based upon their diversity visa lottery success before it became mooted by the passage of time, in that the visa numbers for that category ceased to exist at the end of that fiscal year, September 30, 1998. The Court ordered the INS to complete adjudication of the plaintiffs' applications by that date. Although

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

nowhere was it specifically stated as such, it is apparent that the Court determined that the INS had a duty to the plaintiffs to adjudicate their applications for adjustment of status before the passage of time rendered them nonapprovable. The Court's finding "that defendants owe plaintiffs a non-discretionary duty to complete the processing of their applications", *Id.*, 76 F.Supp.2d at 903, necessarily meant that the defendants had a duty to complete that processing before it was mooted by the passage of time.

By the same token, it should be self-evident that the reasonable time in which defendant Department of Homeland Security's USCIS branch has a duty to adjudicate Mr. Patel's form I-485, together with any necessary prerequisites, is prior to the application being mooted by the actions of its own Immigration and Customs Enforcement branch's removal of Mr. Patel, thereby causing him to abandon his application, 8 C.F.R. § 245.2(a)(4)(ii)(A), and subjecting him to a ten year bar on re-admission to the U.S.  8 U.S.C. § 1182(a)(9)(A).

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 10

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Finally, the Secretary of Homeland Security should not be permitted to default on her duty to adjudicate Harshadbhai Patel's application for adjustment of status by the simple expedient of removing him from the United States, particularly after she has accepted a premium fee from him under 8 U.S.C. § 1255(i) to adjudicate his petition despite the fact he was removable.

This application was filed pursuant to newly promulgated regulations expressly intended to permit certain "arriving aliens", such as Mr. Patel to apply for adjustment of status with USCIS even if they were under removal proceedings or, indeed, even if they had been ordered removed from the United States. See 71 Fed Reg. 27585, 27591(May 12, 2006). The regulation was adopted by the Department of Homeland Security in response to a series of judicial decisions holding that its prior regulatory prohibition preventing arriving aliens in removal proceedings from applying for adjustment of status was contrary to the express intent of Congress in enacting 8 U.S.C. § 1255(a) to permit foreign nationals such as Harshadbhai Patel who were paroled into the United States, from adjusting

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 11

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

status in this country. See 71 Fed Reg. 27585, 27587(May 12, 2006), *Scheerer v. U.S. Atty. Gen.*, 445 F.3d 1311 (11th Cir. 2006); *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005); *Zheng v. Gonzales*, 422 F.3d 98 (3d Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8 (1st Cir. 2005).

Permitting Secretary Napolitano to evade this requirement by simply delaying a decision on Mr. Patel's application with her USCIS hand whilst she removes him with her Immigration and Customs Enforcement hand would be a blatant evasion both of the judicial decisions giving rise to said rule and the intention of Congress which these decisions vindicated. Such transparent gamesmanship should not be tolerated by this Court.

## II.  MR. PATEL WILL UNQUESTIONABLY SUFFER IRREPARABLE INJURY IF THE INJUNCTIVE RELIEF IS NOT GRANTED

As explained above, if Mr. Patel is removed from the United States he will be unable to complete his adjustment of status application. Nor will he be able to apply for an immigrant visa at a

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 12

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

U.S. consulate after his wife's adjustment is completed, because he will be barred by the execution of the removal order from returning to the U.S. for 10 years. Therefore the harm Mr. Patel will suffer by removal, the loss of U.S. permanent resident status for at least ten years is, literally, irreparable, in that there is no mechanism for reimbursing him or otherwise ameliorating his loss if he is removed.

### III.   STAYING MR. PATEL'S REMOVAL WILL NOT CAUSE SUBSTANTIAL HARM TO OTHERS

Granted, there is a DHS and public interest in the prompt execution of removal orders. However, the DHS's failure to take any action to remove or even detain Mr. Patel until July 27, 2009, despite being legally able to do so since the Board of Immigration Appeals decision upholding his removal order on December 18, 2006, demonstrates the low priority it attaches to his removal and the lack of a threat he poses to the public at large.

Finally, a stay of removal serves the public interest of ensuring that the DHS complies with the law. *Bejjani v. I.N.S.* 271 F.3d 670,

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 13

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

689 (6th Cir. 2001). Here this will be impossible if a stay is not granted since Mr. Patel's removal will moot the instant controversy as it pertains to him and bring his part of the case to a close without any finding as to whether the DHS unreasonably delayed his application for adjustment of status.

## IV.  JURISDICTION

It is anticipated that the government will challenge this Court's jurisdiction both to grant Mr. Patel a stay of removal on the basis of 8 U.S.C. § 1252(g) and to hear this action at all on account of 8 U.S.C. § 1252(a)(2)(B). As we will now show however, any such jurisdictional challenges would be misplaced in light of controlling Sixth Circuit authority.

A. THIS COURT HAS JURISDICTION TO STAY REMOVAL OF MR. PATEL DURING THE PENDENCY OF THIS ACTION DESPITE § 1252(g)

As can be seen, the gravaman of Mr. Patel's complaint is that the USCIS has improperly delayed the adjudication of his and his wife's applications for adjustment of status as well as her employer's immigrant visa petition upon her behalf. Accordingly,

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 14

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

this Court has jurisdiction to grant him a stay of removal pursuant to the 6th Circuit's decision in *Mustata v. U.S. Dept. of Justice*, 179 F.3d 1017 (6TH Cir. 1999), nothwithstanding the bar on the review of the execution of removal orders contain in 8 U.S.C. § 1252(g).

In *Mustata*, the petitioners brought a habeas corpus petition claiming that they had been persuaded to abandon their application for asylum due to ineffective assistance of counsel.  The district court held that it lacked jurisdiction under 8 U.S.C. § 1252(g) to grant the petitioners a stay of removal and the Sixth Circuit reversed.  The Court of Appeals carefully analyzed the Supreme Court's decision in *Reno v. American Arab Anti-Discrimination Committee, Inc.*, 525 U.S. 471 (1999), and the three discreet actions with which § 1252(g) prescribed judicial interference.  The Court concluded that none of these prohibitions were applicable to the petitioners' case.  In particular, it found that the petitioners' action was not one to review the Attorney General's decision or action to execute a removal order because:

> The facts relevant to their claim - essentially that their counsel failed to investigate and present relevant evidence - took place

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 15

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

well before any decision by the Attorney General to execute a removal order.  Moreover, the Mustatas are not claiming that the Attorney General should grant them discretionary, deferred-action-type relief. That is, they are not asking the Attorney General to exercise her discretion to allow them to remain in the United States. The fact that the Mustatas in their petition seek a stay of deportation does not make their claim one against the decision to execute a removal order. The substance of their claim is that their counsel's failure to

investigate and present relevant evidence resulted in a violation of their due process rights. Whether or not the Attorney General executes a removal order against the Mustatas is immaterial to the substance of this claim. Respondents' argument to the contrary confuses the substance of the Mustatas' claim with the remedy requested.

*Mustata,* 179 F.3d 1022-23.


Here the USCIS's failure to adjudicate Mr. Patel's and his

wife's applications for adjustment of status and his wife's immigrant

visa petition began well before any decision by the Secretary of

Homeland Security to execute his removal order.[15]  Moreover, Mr.

Patel is not claiming that the Secretary should grant him

discretionary, deferred-action-type relief. That is, he is not asking

the Secretary of Homeland Security to exercise her discretion to

allow him to remain in the United States. The fact that Mr. Patel in

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

his petition seeks a stay of removal does not make his claim one against the decision to execute a removal order. The substance of his claim is that the USCIS has unduly delayed a decision on his and his wife's applications for adjustment of status, and her petition for immigrant worker. Whether or not the Secretary of Homeland Security executes a removal order against Mr. Patel is immaterial to the substance of this claim, except to the extent that the execution of that order will render it moot.

Accordingly, 8 U.S.C. § 1252(g) is no bar to this Court staying Mr. Patel's removal during the pendency of this action.

### B. THE COURT HAS JURISDICTION OVER THIS ACTION DESPITE 8 U.S.C. § 1252(a)(2)(B)

Mr. Patel is unaware of any basis for questioning this Court's jurisdiction to require USCIS to adjudicate the petition for immigrant worker filed upon Mrs. Patel's behalf by her employer, which has been pending with the NSC for over 4 ½ years, even though it claims to be adjudicating such petitions within 4

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 17

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

months.[16] However, some Courts have found actions to compel

adjudication of applications for adjustment of status to be barred

under 8 U.S.C. § 1252(a)(2)(B). *E.g.  Safadi v. Howard*, 466

F.Supp.2d 696, 698 (E.D.Va.2006); *Grinberg v. Swacina*, 478

F.Supp.2d 1350 (S.D.Fla.2007); *Li v. Chertoff* 482 F.Supp.2d 1172

(S.D.Cal.2007); *Qiu v. Chertoff*, 486 F.Supp.2d 412 (D.N.J.,2007);

*Sharif v. Chertoff*, No. 07 C 1690, 2007 WL 2045489 (N.D.Ill. Jul 18,

2007); *Narra v. Gonzalez*, No. 4:06CV3289, 2007 WL 1959255

(D.Neb. July 3, 2007); *Zhang v. Dist. Dir.*, USCIS, No. 07-362(SDW),

2007 WL 1797655, (D.N.J. June 20, 2007); *Elzerw v. Mueller*, No.

07-00166,2007 WL 1221195 (E.D.Pa. Apr. 23, 2007); *Romanovich v.*

*Gonzales*, No. 07-60224, 2007 WL 1229047 (S.D.Fla. April 4, 2007);

*Zaytsev v. Gantner*, No.4 civ 7101, 2004 WL 2251665 (S.D.N.Y.

Sept.24, 2004).

---

[16] Mrs. Patel, as the beneficiary of this petition, whose application for adjustment of status has been delayed awaiting its adjudication, has standing to sue for a prompt decision on the petition. *See Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006)(beneficiary of alien relativ has standing to seek review of its denial in Federal Court), *Ghaly v. INS*, 48 F.3d 1426, 1434 n. 6 (7th Cir.1995) (holding that immigrant beneficiary of an employer's visa application fell within the visa statute's "zone of interest," and thus, had standing to challenge the visa's revocation under the APA); *Taneja v. Smith*, 795 F.2d 355, 358 n. 7 (4th Cir.1986) (same).

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 18

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

However, whatever the merits of this argument may be in other jurisdictions, it is plainly foreclosed in the 6th Circuit in light of our Court of Appeals' recent decision narrowly construing 8 U.S.C. § 1252(a)(2)(B) to apply only to discretionary decisions:

> [A]s the heading of the underlying provision suggests, see id. § 1252(a)(2)(B) ("Denials of discretionary relief"), the statute prevents us from reexamining only discretionary decisions by the agency, including discretionary denials of an application for cancellation of removal. "[N]on-discretionary decisions," by contrast, are within our purview, even where they "underlie determinations that are ultimately discretionary." Billeke-Tolosa v. Ashcroft, 385 F.3d 708, 711 (6th Cir. 2004); see also Santana-Albarran v. Ashcroft, 393 F.3d 699, 703 (6th Cir. 2005) (holding that § 1252(a)(2)(B) "divests jurisdiction of a court to review judgments regarding the granting of discretionary relief, including the cancellation of removal," but does not remove jurisdiction to review the non-discretionary fact of an alien's continuous presence in the United States).

*Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008).

Even though it is within the discretion of the Secretary of Homeland Security as to how she will decide an application for adjustment of status, she certainly has no discretion not to decide it all. Here 8 U.S.C. § 1255(a) provides that:

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 19

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to

that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Thus there is no statutory language authorizing the Secretary of Homeland Security to shelve an application for adjustment of status and pay it no mind whatsoever. The statute states simply that the Secretary may deny or grant an application for reasons within her discretion. In fact, 8 U.S.C § 1103 states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." which certainly requires that the Secretary of Homeland Security act upon applications for adjustment of status which are properly filed under the Act, since this is a duty inherent in the administration and enforcement of immigration laws.

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 20

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Likewise, the Code of Federal Regulations provide that "the applicant shall be notified of the decision of the director (on his application for adjustment of status), and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (parenthetical material added for clarity). In other words, the statutes and the regulation provide that certain actions shall be taken by the Secretary even if the ultimate determination of how she will act is committed to her discretion. Accordingly, regardless of her ultimate decision, the Secretary of Homeland Security has a nondiscretionary duty to act on applications for adjustment of status. *Yu v. Brown,* 36 F. Supp. 2d 922, 931 (D.N.M. 1999), *Alsharqawi v. Gonzales*, 2007 U.S. Dist. LEXIS 29808 (D. Tex. 2007).

Yet by ignoring Mr. Patel's application for adjustment of status until he is removed from the country (by the Secretary herself) the Secretary of Homeland Security is in effect deciding to not adjudicate his application for adjustment of status. This is not a

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 21

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

decision she has the discretion to make and therefore it is one reviewable by this Court under *Aburto-Rocha*, regardless of 8 U.S.C. § 1252(a)(2)(B). *See also, e.g. Nigmadzhanov v. Mueller*, 550 F.Supp.2d 540 (S.D.N.Y.2008) (finding subject matter jurisdiction to order mandamus pertaining to applications of adjustment of status); *Kashkool v. Chertoff*, 553 F.Supp.2d 1131 (D.Ariz.2008) (same); *Bondarenko v. Chertoff*, No. 07-mc-00002, 2007 WL 2693642, 2007 U.S. Dist. LEXIS 67143 (W.D.N.Y. Sept. 11, 2007) (same); *Koren v. Chertoff*, No. 3:07cv157 (PCD), 2007 WL 1431948, 2007 U.S. Dist. LEXIS 35128 (D.Conn. May 14, 2007) (same); *Zaigang Liu v. Novak*, 509 F.Supp.2d 1 (D.D.C.2007) (same); *Shah v. Hansen*, No. 1:07 CV 1576, 2007 WL 3232353, 2007 U.S. Dist. LEXIS 80636 (N.D.Ohio 2007) (same); *Belegradek v. Gonzales*, 523 F.Supp.2d 1364 (N.D.Ga.2007) (same); *Toor v. Still*, No. C07-0645 BZ, 2007 WL 2028407, 2007 U.S. Dist. LEXIS 53173 (N.D.Cal. July 10, 2007) (same); *Ma v. Gonzales*, No. C07-122RSL, 2007 WL 1655188, 2007 U.S. Dist. LEXIS 41103 (W.D. Wash. June 5, 2007).

<u>CONCLUSION</u>

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 22

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

This Court needs to act immediately to stay Harshadbhai Patel's removal from the United States if it is even to have the opportunity to review his claim that his application for adjustment of status, and the petition for immigrant worker and application for adjustment of status of his wife, have been unduly delayed. Since Mr. Patel is likely to prevail on the merits of his complaint, and will suffer irreparable harm if he is removed (in that his claim will be mooted by his removal), while the government will suffer little or no detriment by staying his removal, it is respectfully requested that this Court issue a Temporary Restraining Order staying Mr. Patel's removal during the pendency of this action or, in the alternative, until a hearing can be held on a preliminary injunction.

Respectfully submitted,

Dated this 30th day of July, 2009

s/Michael E. Piston
Michael E. Piston P34568
Piston & Carpenter P.C.
4000 Livernois Road, Ste. 110
Troy, MI 48098
(248)524-1936 telephone
(248) 680-0627 facsimile
michael@piston.net

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 23

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I, Michael E. Piston, hereby certify that I served a true and accurate

copy of the attached Motion for Temporary Restraining Order

Staying the Removal of Harshadbhai Patel via postage paid first

class certified mail/return receipt requested to:

Janet Napolitano, Secretary
Department of Homeland Security
Washington, DC  20528

Michael Aytes, Acting Deputy Director
U.S. Citizenship & Immigration Services
20 Massachusetts Avenue, N.W.
Washington, DC  20529

F. Gerard Heinauer, Director
U.S. Citizenship & Immigration Services
Nebraska Service Center
950 S Street
Lincoln, NE  68508

Vincent Clausen, Director
Immigration & Customs Enforcement
Detroit District
333 Mount Elliott Street, 2nd Floor
Detroit, MI  48207

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 24

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

on this 30th day of July, 2009.

s/Michael E. Piston
Michael E. Piston P34568
Piston & Carpenter P.C.
4000 Livernois Road, Ste. 110
Troy, MI 48098
(248)524-1936 telephone
(248) 680-0627 facsimile
michael@piston.net

MOTION FOR TEMPORARY ORDER STAYING
THE REMOVAL OF HARSHADBHAI PATEL - 25

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net