UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARSHADBHAI PATEL and
DIPTI PATEL,

        Plaintiffs,

vs.

JANET NAPOLITANO, Secretary
of Homeland Security, et al.,

        Defendants.
_____/

Case No. 09-13018

HON. GEORGE CARAM STEEH

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER STAYING THE REMOVAL OF HARSHADBHAI PATEL**

      Plaintiffs filed a motion for temporary restraining order staying the removal of Mr. Harshadbhai Patel on July 30, 2009. Plaintiffs seek a stay of removal pending a ruling on their complaint for mandamus, which seeks an order compelling adjudication of Mrs. Dipti Patel's Form I-140 (Immigration Petition for Alien Worker), her Form I-485 (Application to Adjust Status), and Harshadbhai Patel's Form I-485, which application is derivative of Dipti Patel's Form I-485. The Court heard oral argument on plaintiffs' motion for temporary restraining order on August 18, 2009. The parties both filed supplemental briefs which were considered by the Court. For the reasons stated below, plaintiffs' motion for temporary restraining order is DENIED.

I. Factual and Procedural Background

      A. Mrs. Dipti Patel

      Mrs. Dipti Patel is a citizen of India who entered the United States in November 1998 without inspection and authorization by an immigration officer. On April 30, 2001, Mrs. Patel's employer, Dunkin Donuts, filed a Form ETA-750 Application for Alien Employment Certification with the U.S. Department of Labor. Dunkin Donuts alleged that it attempted but was unable to find a skilled U.S. worker able, willing and qualified to decorate pastries. April 30, 2001 became the "priority date" of Mrs. Patel's application, putting her in line with

other aliens from India waiting for a visa number under an annual immigrant worker quota set by Congress.  April 30, 2001 was also the date of a special law permitting aliens to adjust status without having to return to their home country and get a visa, which placed Mrs. Patel's application in a large backlog of cases.  (Decl. Of F. Gerard Heinauer).

The cake decorator position was certified by the U.S. Department of Labor on April 22, 2004.  On September 29, 2004, Dunkin Donuts filed a Form I-140 visa petition on Mrs. Patel's behalf.  Dunkin Donuts provided a letter from a bakery in India as evidence that Mrs. Patel had the required two years of experience as a pastry decorator.  Investigations in other skilled worker cases had revealed that fraudulent employment experience verification documents from overseas employers had been submitted to show the required experience for I-140 visa petitioners.  On January 20, 2005, an adjudications officer reviewed the Form I-140 submitted by Dunkin Donuts and referred it to the Fraud Detection Unit for possible overseas verification of the validity of the employment experience letter.  Due to lack of agency resources, an investigation was declined and the I-140 was returned to the adjudications work queue on May 13, 2009.  (Decl. Of F. Gerard Heinauer).

On August 21, 2009, the Nebraska Service Center sent Dunkin Donuts a request for additional evidence in the Form I-140 visa petition proceeding.  Dunkin Donuts is required to respond by October 2, 2009.  A decision on the Form I-140 will be made shortly after October 2, 2009.

    B. <u>Mr. Harshadbhai Patel</u>

Mr. Patel is a native and citizen of India who attempted to enter the U.S. at the Miami International Airport on August 6, 2001 without valid entry documents. Mr. Patel was paroled into the country on August 13, 2001, after he expressed a credible fear of persecution.  He was served with a Notice to Appear dated June 21, 2002, charging him with being subject to removal.  Venue was changed from Miami to Detroit.  At a May 13, 2003 master calendar hearing, plaintiff conceded removability and submitted a draft asylum

application outside the one-year period. On November 25, 2003, the Immigration Judge concluded that because the asylum application was filed outside the one-year period, he would treat it as an application for withholding removal.

On January 19, 2005, the plaintiffs married. At his merits hearing on May 19, 2005, Mr. Patel withdrew with prejudice his asylum and withholding applications and sought a continuance to obtain evidence that his wife's employer had filed an I-140 on her behalf (which if approved would allow her to apply to adjust status and him to apply to adjust derivatively). The Judge denied the motion and ordered plaintiff removed. The Board of Immigration Appeals (BIA) affirmed the removal order on December 18, 2006.

On January 3, 2007, Mr. Patel filed a Form I-485, application for adjustment of status, as the dependent of his wife, who filed a Form I-485 on June 29, 2005. Mr. Patel filed with the BIA a motion to reopen his removal proceedings and remand for consideration of another motion for continuance. The BIA denied the motion to reopen. The Sixth Circuit denied a motion for stay and a petition for review on April 21, 2008, rendering Mr. Patel's removal order final.

On September 25, 2008, Mr. Patel was convicted in 41A District Court in Sterling Heights for Disorderly Person - Jostling. He was fined and sentenced to 60 days in jail and 12 months probation. On March 2, 2009, ICE issued a Warrant of Removal/Deportation for Mr. Patel.

On July 27, 2009 Mr. Patel was arrested by ICE officers. Because Mr. Patel's passport had expired, ICE requested a travel document from India for Mr. Patel in order to execute his removal order. Mr. Patel is in the custody of the Calhoun County sheriff in Battle Creek, Michigan pending his removal.

Plaintiffs contend that Mrs. Patel's I-140 has been pending for over four years and the normal processing time for such petition is four months. Plaintiffs make a similar argument with regard to their I-485 applications. Plaintiffs' complaint for mandamus seeks

3

an order compelling United States Citizenship and Immigration Services ("USCIS") to process plaintiffs' applications prior to Mr. Patel's application being mooted by the actions of ICE in removing Mr. Patel from the country.

If Mr. Patel is removed from the country, thus causing him to abandon his application, he will be subject to a ten-year bar on re-admission. 8 U.S.C. § 1182(a)(9)(A).

II. Jurisdiction

The government argues that this Court has no jurisdiction to enter a stay of removal. 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General or commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Plaintiffs rely on a Sixth Circuit case to avoid the jurisdiction stripping provisions of § 1252(g), Mustata v. U.S. Dept. of Justice, 179 F.3d 1017 (6th Cir. 1999).

In Mustata, the petitioners sought district court habeas review of their removal orders, as well as a stay of removal, on the basis that ineffective assistance of counsel at their administrative immigration hearing resulted in a denial of due process. The Sixth Circuit found that 8 U.S.C. § 1252(g) did not strip the district court of jurisdiction to hear the challenge to petitioner's removal orders because the petitioners did not seek review of the Attorney General's "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders against any alien under his chapter." Rather, the petitioners challenged the process by which their removal order was obtained, and thereby the validity of the removal order. The petition seeking a stay of deportation in Mustata was not a claim against the decision to execute a removal order, but rather a claimed violation of their due process rights arising from a failure of counsel to present relevant evidence.

The substance of Mr. Patel's claim in this case is that the USCIS has unduly delayed a decision on his and his wife's applications for adjustment of status, and her petition for

4

immigrant worker. Like in Mustata, plaintiffs' claim is not one against the decision to execute a removal order, other than the fact that the execution of the removal order will render the substance of this claim moot. The Court agrees with the plaintiffs' argument that it has jurisdiction to consider a stay of the removal order in this case.

III. Stay of Removal

The Court considers four factors in determining whether to grant a stay of removal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, __ U.S. __; 129 S.Ct. 1749, 1756, 1761 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770 (1987)). "The first two factors of the traditional standard are most critical. It is not enough that the chance of success on the merits be 'better than negligible.'" Id. at 1761 (citation omitted).

The Administrative Procedures Act requires administrative agencies to conclude all matters before them within a "reasonable time," and authorizes the Court to compel agency action "unreasonably delayed." 5 U.S.C. §§ 555(b); 706(1). The Mandamus Act gives the district courts jurisdiction to compel an agency to perform a duty owed to a plaintiff when a petitioner has a clear right to relief; the defendant has a clear, non-discretionary duty to act; and there is no other adequate remedy available. 28 U.S.C. § 1361.

This Court has previously found that in the absence of deliberate inaction or bad faith, the time USCIS takes to decide an application to adjust status, as well as the decision on the application itself, falls within the agency's discretion under 8 USC § 1255(a). Xu v. Chertoff, 2007 WL 2221401, *3 (E.D. Mich. July 31, 2007). In Xu, the Court was faced with an applicant for adjustment of status who filed a mandamus action so he could get a decision as quickly as possible. This Court found that there was no federal question involving the APA or the Mandamus Statute, and subject matter jurisdiction did not exist,

because the delay as pled was within the defendant's discretion.  Id.

The plaintiffs in this case filed their action so they may obtain a decision on the merits of Mr. Patel's application for adjustment of status, not more quickly as in Xu, but *ab initio*.  As plaintiffs phrase the issue in this case, does the Secretary of Homeland Security have the discretion not to decide Mr. Patel's application on the merits at all.  It is plaintiffs' position that the Secretary may not evade her obligation simply by delaying Mr. Patel's application for adjustment of status, and his wife's petition for immigrant worker upon which it depends, long beyond normal processing times with her USCIS right hand, while she removes him with her ICE left hand.

The Court first notes that there is no basis for granting a temporary restraining order in this case based on Mrs. Patel's circumstances because she is not being removed.  Mrs. Patel, in fact, holds an employment authorization document to work for any U.S. employer due to her status as an adjustment of status applicant, valid through July 29, 2010, and renewable upon request.  (Decl. Of F. Gerard Heinauer).  It is only Mr. Patel's removal that would support the relief sought by the plaintiffs.  Second, the I-140 filed on behalf of Mrs. Patel was in the hands of the USCIS Fraud Detection Unit for most of the time the application has been pending.  The application was returned to the adjudications work queue on May 13, 2009 and is on schedule for a decision shortly after October 2, 2009. There is no evidence of any wrongful handling of Mrs. Patel's I-140 by the defendant arising from sending the application to the Fraud Detection Unit.  Nor is there any evidence that the Fraud Detection Unit engaged in any wrongful behavior with regard to the application.

There is also no evidence that the defendant has failed to act on Mrs. Patel's I-140 in order to delay Mr. Patel's adjustment of status application, or because there is a removal order pending against Mr. Patel.  Mr. Patel filed his Form I-485 adjustment of status petition on January 3, 2007, *after* his wife's I-140 had been referred to the Fraud Detection Unit.

6

The significant delay that took place because of the suspicion of fraud had already been set into motion before Mr. Patel filed his Form I-485.  Similarly, Mr. Patel's removal order became final on April 21, 2008, also during the time that his wife's I-140 was with the Fraud Detection Unit.  It defies common sense to argue that the defendant delayed action on the I-140 application in this case because of the removal order against Mr. Patel inasmuch as the referral to the fraud unit could not reasonably be related to the renewal order or the filing of the I-485 petition by Mr. Patel.  Finally, defendant has no ability to act on either of the pending I-485 adjustment of status petitions until Mrs. Patel's I-140 application has been resolved, and then only if the I-140 is adjudicated in the employer's favor.

The Court finds that the plaintiffs do not have a likelihood of success on the merits of their claim that the defendant has failed to adjudicate Mr. Patel's form I-485, together with the prerequisite I-140, within a reasonable time such that Mr. Patel's I-485 will become moot due to his removal, which will cause him to abandon his application.  The Court is not persuaded that the time involved in processing the I-140 in this case, although lengthy, is unreasonable under the circumstances.  Nor have plaintiffs shown a likelihood of demonstrating that the government delayed action on the I-140 for the purpose of avoiding its duty to process Mr. Patel's I-485.  As stated above, the I-485 application does not even become justiciable until the I-140 from which it derives has been granted.

IV. Conclusion

For the reasons stated above, plaintiffs' motion for temporary restraining order staying the removal of Harshadbhai Patel is DENIED.

7


Dated: September 9, 2009

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---